## John F. Steel *v.* J. E. Glass, Appellant.

*Evidence—Settlement—Accounts—Payment —Debtor and creditor.*

Where a debtor has submitted accounts in his own handwriting to a creditor, and it has been accepted by the latter as correct, the debtor cannot, in a suit upon a bond given at the last settlement for the amount shown by the schedule to be due, call upon the creditor to prove payments made to him, until he has produced in evidence the accounts showing what payments were included.

In two separate settlements a debtor had submitted accounts in his own handwriting to his creditor, and they had been accepted by the latter as correct.　In an action upon a bond given at the second settlement, the debtor offered a receipt on the margin of a mortgage; the creditor admitted that this receipt was not credited in either settlement, but averred the omission was due to the fact that no money had been paid to him. The alleged payment antedated both settlements.　The court ruled that the receipt, in connection with the creditor's denial that he had received any money, was not sufficient to overthrow the settlements, and therefore the receipt was not admissible.　*Held*, that the ruling was technically error, but as there was no other evidence to show mistake the court would have been bound at all events to have directed a verdict for the plaintiff, and the error therefore did defendant no harm.

Argued Nov. 14, 1898.　Appeal, No. 137, Oct. T., 1898, by

defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1897, No. 755, on verdict for plaintiff. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on a bond.   Before WHITE, P. J.

At the trial it appeared that the bond upon which suit was brought was given on May 13, 1896, for the sum of $2,585.27 in settlement of an account which the defendant had stated to the plaintiff.

Defendant's counsel offered to prove by certain witnesses that prior to the giving of the mortgage in May, 1896, the defendant paid to the plaintiff, by assignment on March 8, 1895, the sum of $827.52; and that in the giving of the mortgage of May 8, 1896, no credit was allowed him on account of said assignment; and further, that on July 7, 1894, the defendant assigned to the plaintiff a mortgage, bond and judgment thereon, against one Johnston, for $851, and that at the time of the giving of the bond and mortgage sued on, no credit was allowed him for the payment of this amount, and the same was left out of the said mortgage and bond either by accident or mistake; and that the said assignments were made as part payment of the indebtedness of the defendant to the plaintiff.

Objected to by plaintiff as incompetent and irrelevant.

By the Court: The plaintiff has already stated that there was a settlement between him and the defendant at the time the bond and mortgage of May, 1896, were given, and that it was based upon the figures of the defendant, and that he has those figures. Of course, the proper way is now for the defense to call for that statement and those figures, and that would show whether there was any mistake or not.   Without that the defendant now wants to go into matters occurring a year before the bond and mortgage of May, 1896, were given.   Without proving that there was any direct omission of them at that time, he wishes to infer that there was an omission without proving it.   He must prove that by accident or mistake that was omitted from the settlement as made in May, 1896.   The attempt is here to go back and rake up transactions which cannot possibly or probably be explained now.   The defendant must show directly that there was some omission at the time the bond and mortgage of

May, 1896, were given. Without that, all this testimony is irrelevant.

Objection sustained, and bill sealed for defendant. [1]

The plaintiff, called on cross-examination by the defendant, having testified that he received from the defendant an assignment of a mortgage in the sum of $827, for which he gave no credit in the settlement at the time of the giving of the mortgage and bond in suit, the defendant proposed to ask the plaintiff further questions relating to the transaction involved in that credit of $827, for the purpose of showing that the money thereon assigned, or the mortgage thereon assigned, belonged to the defendant, J. E. Glass, and that it should have been included in the settlement at the time of giving the bond and mortgage in suit.

Objected to as incompetant and irrelevant.

By the Court: This evidence is irrelevant, for reasons given by the court previously in ruling former offer; and in the second place, the witness has already testified that that has nothing at all to do with this case. The objection is sustained and bill sealed for defendant. [2]

Defendant's counsel proposed to offer in evidence the receipt found on the mortgage record, vol. 642, page 654, in the following language:

"I, John F. Steele, mortgagor, do acknowledge the payment of $800 on account of the principal moneys secured by this mortgage, and in consideration thereof, do release from the lien of this mortgage lot No. 173 in C. P. Jones's plan recorded in plan book, vol. 12, page 238. Witness my hand and seal, February 12, 1894.

[Seal.]                                     JOHN F. STEELE.
"Witness, GEORGE P. HETZEL."

This for the purpose of showing the payment of $800 on this mortgage, which the witness has testified was not included in any subsequent mortgage given, and has also said that he did not make any credit of it in the settlement.

By the Court: The record may be put in evidence in connection with the witness's testimony. The witness said he signed that release of the mortgage, but also said he never received any money on it. Now this is the testimony brought out by the de-

fendant, and the defendant cannot put that in evidence without further evidence to overthrow the evidence of the witness on the stand. If they have other evidence to show that that money was paid, that will be received. The evidence of the witness on cross-examination that he never received it, is not conclusive against the defendant, but he cannot overthrow it in this way; therefore the objection is sustained and bill sealed for defendant. [3]

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $2,885.71. Defendant appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions.

*Samuel B. Griffith,* with him *W. W. Thomson,* for appellant.

*Alvin C. Spindler,* with him *Clarence Burleigh,* for appellee.

OPINION BY MR. JUSTICE DEAN, January 2, 1899:

Plaintiff is a banker in the city of Pittsburg; defendant is a real estate dealer in the same city, and from time to time borrowed money from the banker to carry on his operations. In the year 1892, and up to April 11, 1893, the loans were made on defendant's promissory notes; at this last date, a settlement was made between them. At the request of Glass, his brother Samuel delivered to Steel his bond secured by mortgage on his, Samuel's, property in sum of $8,500, and Steel gave to Glass, defendant, his check in same amount. Defendant alleged that the mortgage and check did not in fact represent the balance of the debit and credit sides of the account; that the real amount of loans due at the date of the mortgage was only $5,500. From that date up to July 7, 1894, defendant alleged he made a number of payments to plaintiff; then, Steel satisfied the mortgage of Samuel, and took one from defendant for $2,563.65. This sum defendant alleged was not given to secure the ascertained balance owing by him to plaintiff, but only as security for what might be owing. Like transactions continued between them up until May 13, 1896, when defendant desired to have the mortgage transferred to other property of his, to which Steel consented and satisfied the one

last given, and took a new one in sum of $2,585.77 on other property of Glass. This sum defendant also alleges was not an ascertained balance, but that the mortgage was merely given in that amount to secure any possible indebtedness. Steel brought suit on the bond which this last mortgage was given to secure, claiming that Glass owed him the $2,585.77 with interest. At the trial, Glass, as a defense averred, that he had not been credited with certain payments made by him; and further that by mistake, they were omitted when the last bond was given. Under the evidence the court instructed the jury to find for plaintiff the amount of his claim.

We now have this appeal by defendant, who assigns three errors. The first and second are to rulings of the court on offers of testimony. Plaintiff had offered in evidence his bond and rested. Defendant then called plaintiff as if under cross-examination. The third and last settlement, it will be noticed, was May 8, 1896. As to the items entering into this settlement, the defendant had delivered to plaintiff a schedule of them in his own handwriting, striking the exact balance against himself, $2,585.77, for which he executed the bond in suit. The second or the one preceding this was on July 7, 1894; the items entering into this one were scheduled by defendant in his own handwriting, and he struck a balance against himself of $2,563.65, the precise sum for which he gave the second bond. The first settlement for which a bond of $8,500 was given was the same amount for which plaintiff gave to him a check payable to order of J. E. Glass, having noted on it, Mortgage S. N. Glass, indorsed by J. E. Glass and paid by the Freehold Bank, on which it was drawn. It would be scarcely possible to make a stronger case on written evidence against defendant. Each of the last two settlements was made in effect by himself, and delivered to plaintiff, who accepted them as correct, and took from defendant his bonds for the balance shown by them. The check for the $8,500 was paid defendant by the bank, and besides bearing the same date and being for exactly the same amount as the first mortgage, given by his brother, it expressly states on its face, that it was on that mortgage. No fraud or overreaching is averred in the statement; defendant was not an ignorant man, who left it to the money lender to keep the accounts; he was an active dealer

in real estate, a good accountant, as shown by his statements, and in fact kept the accounts between him and the banker, and the latter accepted them. He averred however, that large payments made by him in previous years had been omitted by mistake from each one of the settlements. Necessarily, his first step to prove this was a production of the settlement schedules, and then by any proper evidence show the omission of any payments. What was omitted could only be shown by first exhibiting what was included; he knew of the existence of these papers, for he had notified plaintiff to produce them, and knew they were then in court. But instead of proceeding in the only orderly method to prove omission of payments from the settlement by mistake, he called plaintiff to prove that he had made two payments to him, one a year prior to the last mortgage, and one on the very day of the next to the last mortgage. Of course, defendant had made payments prior to each settlement, otherwise no settlement would have been had; the question was, not whether he had made payments, but whether they had been omitted from the settlement by mistake. On objection to this evidence as irrelevant, the court distinctly stated to defendant, that he must produce first the schedule showing what payments were included, and follow this by showing others were made, but omitted from it. Counsel for defendant did not take this hint, and his offer was overruled, and correctly too. To permit defendant to rake up the transactions preceding all the settlements, by showing two particular payments, might have imposed on plaintiff a burden of explanation which few could have borne after the lapse of years, resulting in loss of checks, receipts and other papers. Afterwards, however, before the witness left the stand, defendant's counsel examined plaintiff fully as to the two payments specified in the offer, and he testified that as to the item of $812, the Johnson mortgage, it was included in the settlement of July 7, 1894; and as to the $827 item, called the Lewis mortgage, that it was an independent transaction in which each ventured and shared equally, so that defendant was not even prejudiced by the ruling on his offer. The second assignment is in substance the same as the first, and both are overruled.

The third assignment is to the ruling of the court on the offer of a receipt of $800, dated February 12, 1894, on the rec-

ord of the second mortgage, which plaintiff admitted was not credited on either settlement, because no money was paid him. The court ruled that the receipt in connection with the plaintiff's denial that he had received any money, was not sufficient to overthrow the settlements, and therefore the evidence was not admissible. Technically this was error; it was a ruling on the effect of the evidence, instead of on its admissibility, and if when admitted, all the evidence had amounted to more than a scintilla, a reversal would, necessarily have to follow. But if it had been admitted, the court would have been bound to peremptorily direct a verdict for the plaintiff, just as it did do, for it was not sufficient to sustain a verdict for defendant, and there was no other evidence even tending to show mistake. For it will be noted this alleged payment antedated both of the last two settlements, and defendant did not put it in either of his two schedules. True, he was not bound by plaintiff's answers elicited on cross-examination, and might attack their truthfulness by any competent evidence. But the court and jury were bound to give them proper consideration and weight. The defendant knew whether they were true, if any one did, yet he did not testify. As the error did not prejudice defendant we decline to set aside the verdict on that account.

The plaintiff then offered and read in evidence the check and the settlements in the handwriting of defendant. As there was at most but a scintilla of evidence, tending to show any mistake, the court properly directed a verdict for plaintiff; for the written statements of defendant as to the payments and loans and balance due from him, could not be overthrown, except by full, clear and satisfactory evidence.

The judgment is affirmed.